Araceli Martínez-Olguín, SBC No. 235651
Christopher Ho, SBC No. 129845
Marsha J. Chien, SBC No. 275238
The LEGAL AID SOCIETY –
  EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848
Facsimile: (415) 593-0096

Blanca A. Bañuelos, SBC No. 231585
Esmeralda Zendejas, SBC No. 258809
CALIFORNIA RURAL LEGAL
  ASSISTANCE, INC.
145 E. Weber Avenue
Stockton, CA 95202
Telephone: (209) 946-0609
Facsimile: (209) 946-5730

Michael L. Meuter, SBC No. 161554
CALIFORNIA RURAL LEGAL
  ASSISTANCE, INC.
3 Williams Road
Salinas, CA 93905
Telephone: (831) 757-5221
Facsimile: (831) 757-6212

Felicia Espinosa, SBC No. 267198
CALIFORNIA RURAL LEGAL
  ASSISTANCE, INC.
2115 Kern Street, Suite 370
Fresno, CA 93721
Telephone: (559) 441-8721
Facsimile: (559) 441-0724

Daniel Torres, SBC No. 221396
CALIFORNIA RURAL LEGAL
  ASSISTANCE, INC.
631 Howard Street, Suite 300
San Francisco, CA 94105
Telephone: (415) 777-2846
Facsimile: (415) 543-2752

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ARNULFO ARIAS,<br><br>Plaintiff,<br><br>v.<br><br>LUIS M. ANGELO, MARIA D. ANGELO and JOE ANGELO, individuals; ANTHONY RAIMONDO, an individual;  and DOES ONE through TWENTY,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR RETALIATION**<br><br>1. **Retaliation in Violation of the Fair Labor Standards Act**<br>2. **Intentional Infliction of Emotional Distress**<br><br>**Jury Trial Demanded** |

**COMPLAINT FOR RETALIATION**                    -1-

**INTRODUCTION**

1.     This is an action for relief from Defendants' violations of Plaintiff's right to be free from unlawful retaliation irrespective of his immigration status.

2.     In 2006, Plaintiff JOSE ARNULFO ARIAS ("Plaintiff") filed a lawsuit (hereafter the "2006 Lawsuit") against his former employers, Angelo Dairy owners LUIS M. ANGELO, MARIA D. ANGELO, and JOE ANGELO (hereafter collectively referred to as "the DAIRY DEFENDANTS"), for their violations of his wage and hour rights under the California Labor Code.  Defendant ANTHONY RAIMONDO represented the DAIRY DEFENDANTS in that litigation.

3.     In 2011, with trial eminent in that litigation, Defendants reported the Plaintiff to United States Immigration and Customs Enforcement ("ICE") in retaliation for his assertion of his legally protected workplace rights, in violation of federal and state law.

4.     This case, therefore, presents the important issue of whether employers and their counsel may, with impunity, co-opt the federal immigration enforcement system for use as a means of reprisal against undocumented immigrant workers who properly assert their workplace rights, or as a means of avoiding liability for violations of those rights under both Federal and state law.

**JURISDICTION AND VENUE**

5.     This Court has jurisdiction over this action pursuant to:

    a.   28 U.S.C. § 1331 (Federal Question);

    b.   28 U.S.C. § 1337 (Interstate Commerce); and

    c.   29 U.S.C. § 216(b) (Fair Labor Standards Act ("FLSA")).

6.     This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution.  Plaintiff's state law claims share all common operative facts with his federal law claims, and the parties are identical.  Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

//

**COMPLAINT FOR RETALIATION**                    -2-

7.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Eastern District of California because the unlawful retaliation alleged herein giving rise to Plaintiff's claim occurred in this District in the Sacramento Division, and because all parties reside in this District.

## NATURE OF THIS ACTION

8.      This is an action brought pursuant to the Fair Labor Standards Act and California common law.

9.      This action is brought by Plaintiff to secure declaratory relief compensatory and punitive damages to remedy Defendants' commission of unlawful retaliation against Plaintiff for his assertion of his workplace rights.

## PARTIES

10.     Plaintiff JOSE ARNULFO ARIAS ("Plaintiff") was employed as a dairy worker by the DAIRY DEFENDANTS from approximately November, 1995 to June, 2005.

11.     Defendant ANTHONY RAIMONDO ("Defendant RAIMONDO") is, on information and belief, an adult resident of Fresno County, California.  At all times relevant herein, Defendant RAIMONDO was an attorney representing the DAIRY DEFENDANTS during the 2006 Lawsuit.  At all times relevant herein, and on information and belief, Defendant RAIMONDO was acting within the course and scope of his representation of the DAIRY DEFENDANTS and with the permission and consent of the other Defendants.

12.     Defendant LUIS M. ANGELO is an adult resident of San Joaquin County, California. At all times relevant herein, Defendant LUIS M. ANGELO was functioning as an owner or major interest holder of the dairy that employed Plaintiff.  Throughout the events alleged herein, he was acting within the course and scope of his authority as owner or major interest holder with the permission and consent of the other Defendants.

13.     Defendant MARIA D. ANGELO is an adult resident of San Joaquin County, California. At all times relevant herein, Defendant MARIA D. ANGELO was functioning as an owner or major interest holder of the dairy that employed Plaintiff.  Throughout the events alleged herein, she was

COMPLAINT FOR RETALIATION                    -3-

1    acting within the course and scope of her authority as owner or major interest holder with the

2    permission and consent of the other Defendants.

3          14.    Defendant JOE ANGELO is an adult resident of San Joaquin County, California.  At all

4    times relevant herein, Defendant JOE ANGELO was functioning as an owner or major interest holder

5    of the dairy that employed Plaintiff.  Throughout the events alleged herein, he was acting within the

6    course and scope of his authority as owner or major interest holder with the permission and consent of

7    the other Defendants.

8          15.    Defendants ANGELO DAIRY, LUIS M. ANGELO, MARIA D. ANGELO, and JOE

9    ANGELO were Plaintiff's employers pursuant to the FLSA.

10         16.    DOES ONE through TWENTY, on information and belief, are individuals, corporations,

11   or other entities that were acting on behalf of the Defendants.  The true names and capacities, whether

12   individual, corporate, or otherwise, of DOES ONE through TWENTY are unknown to Plaintiff, who

13   therefore sues the DOE Defendants by fictitious names.  On information and belief, Plaintiff alleges

14   that each of the DOE Defendants is responsible in some manner for the occurrences herein alleged and

15   that the damages herein alleged were actually and proximately caused by their conduct.  Plaintiff will

16   amend this Complaint to allege the true names and capacities of said Defendants once they have been

17   ascertained.

18         17.    Plaintiff alleges, on information and belief, that each and all of the acts or omissions

19   alleged herein were performed by, and/or attributable to, all Defendants, and that said acts and failures

20   to act were within the scope of their inherent authority, employment and/or direction and/or control.

21   On information and belief, Plaintiff thereon alleges that at all times material hereto, Defendant

22   RAIMONDO acted within the scope of his authority as the legal representative of the DAIRY

23   DEFENDANTS.

24

25                              **STATEMENT OF FACTS**

26         18.    The DAIRY DEFENDANTS employed Plaintiff as a milker from approximately

27   November, 1995 through June, 2005 at DAIRY DEFENDANTS' work site in San Joaquin County,

28

**COMPLAINT FOR RETALIATION**                    -4-

1   including the real property located at 5027 W. Acampo Road in Lodi, California, and at 11313 Collier

2   Road in Acampo, California.

3          19.     During Plaintiff's employment with the DAIRY DEFENDANTS, the DAIRY

4   DEFENDANTS never asked that Plaintiff complete a Form I-9 to establish his eligibility to work in the

5   United States, as the DAIRY DEFENDANTS were required to do by the Immigration Reform and

6   Control Act of 1986.  Nor did the DAIRY DEFENDANTS ever inquire about Plaintiff's immigration

7   status.

8          20.     However, about two years after Plaintiff began his employment with the DAIRY

9   DEFENDANTS, Plaintiff informed Defendant LUIS M. ANGELO that he had been offered a job by a

10   nearby dairy and was considering leaving to take a job there.  Defendant LUIS M. ANGELO responded

11   that if Plaintiff left to work at the other dairy, Defendant LUIS M. ANGELO would call report the other

12   dairy to federal immigration authorities as an employer of undocumented workers.  Because of that

13   threat, Plaintiff was dissuaded from seeking work at the other dairy, and remained in the employ of the

14   DAIRY DEFENDANTS.

15          21.     Plaintiff filed the 2006 Lawsuit, styled *Arias v. Angelo Dairy, et al.*, Case No. CV

16   028612, on February 15, 2006 in San Joaquin County Superior Court in Stockton, California, against

17   the DAIRY DEFENDANTS.  Plaintiff's Complaint alleged *inter alia* that the DAIRY DEFENDANTS

18   had failed to: pay him overtime; provide him with rest and meal periods; maintain time records of his

19   work and to provide him with itemized wage statements; provide him tools and equipment; and pay all

20   his wages when due.  Plaintiff brought the case on behalf of himself and others employed by the

21   DAIRY DEFENDANTS pursuant to California's Unfair Competition Law ("UCL"), Cal. Bus. & Profs.

22   Code §§ 17200, *et seq*.

23          22.     The DAIRY DEFENDANTS filed their Answer to the Complaint on or about March 16,

24   2006.  The DAIRY DEFENDANTS were represented by Defendant ANTHONY RAIMONDO.

25          23.     Plaintiff amended his Complaint on April 19, 2006, to include another representative

26   cause of action under California's Private Attorney General Act ("PAGA"), Cal. Lab. Code §§ 2698, *et*

27   *seq*.

28   //

**COMPLAINT FOR RETALIATION**                -5-

24.     On or about June 16, 2006, the DAIRY DEFENDANTS moved to strike the UCL and PAGA representative causes of action, arguing that the Plaintiff needed to meet class certification requirements to pursue those causes of action.

25.     On October 18, 2006, the court granted Defendants' motion to strike.  This ruling was appealed and the appeal lasted several years.  The ruling was ultimately decided by the California Supreme Court, which ruled that the UCL cause of action required that the Plaintiff satisfy class action requirements, but that no class action requirements need to be met under the PAGA.  *Arias v. Superior Court*, 46 Cal.4th 969 (2009).  The case was remanded for trial.

26.     The parties stipulated to an extension of the trial date to August 15, 2011.

27.     On June 1, 2011, Defendant RAIMONDO emailed Immigration and Custom Enforcement ("ICE") Forensic Auditor Kulwinder Brar, an employee of the U.S. Department of Homeland Security.  In this email, Defendant RAIMONDO supplied Brar with information about Plaintiff's identity, and asked Brar to "[l]et me know if there is anything that you can do."

28.     Later the same day, June 1, 2011, all parties to the 2006 Lawsuit attended a mediation in Stockton, California.  The mediation was unsuccessful.

29.     On June 16, 2011, ICE Auditor Brar responded to Defendant RAIMONDO's email of June 1, 2011, stating that "[b]ased on our records he [Plaintiff] has no legal status.  We will be forwarding this information to ERO [Enforcement and Removal Operations] and your contact information if they want to proceed with this matter."

30.     Defendant RAIMONDO replied the same day to ICE Auditor Brar, asking him to "[p]lease let ERO know that they can expect our full cooperation and assistance", and to "let me know if there is anything I can do to be of assistance to you."  Brar responded, "No problem and we will get your contact information as soon as contact is made."

31.     Plaintiff became aware that Defendants had provided his contact information to the immigration authorities on June 22, 2011.  Fearing that he would be deported and separated from family, Plaintiff suffered mental anguish from this retaliatory action.

//

//

**COMPLAINT FOR RETALIATION**                    -6-

32.     On July 11, 2011, one month before trial, the parties attended a settlement conference in San Joaquin County Superior Court.  In lieu of proceeding to trial on the wage and hour claims comprised within the 2006 Lawsuit, Plaintiff entered into a settlement and release of those claims.

## FIRST CLAIM FOR RELIEF
### Retaliation in Violation of the FLSA
### (29 U.S.C. § 215(a))
### Against All Defendants

33.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 32 above as though fully contained herein.

34.     The FLSA applied to Plaintiff's employment with DAIRY DEFENDANTS at all times relevant herein.

35.     Section 215(a)(3) of the FLSA prohibits an employer or any person from retaliating against an employee because he "has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the rights contained in the FLSA.

36.     On February 15, 2006, Plaintiff on behalf of himself and other workers filed the 2006 Lawsuit against DAIRY DEFENDANTS, alleging labor law violations, including among others failure to pay overtime.

37.     The 2006 Lawsuit constituted "a complaint" and was protected activity under the FLSA.

38.     During Plaintiff's nearly 10 years of employment with DAIRY DEFENDANTS, DAIRY DEFENDANTS threatened Plaintiff with deportation, but never inquired about Plaintiff's immigration status.

39.     On June 1, 2011 and again on June 16, 2011, as a direct and proximate result of the 2006 Lawsuit, Defendants contacted ICE to inquire about Plaintiff's immigration status and to effectuate his apprehension by ICE.

40.     Defendants' actions in contacting ICE constituted retaliation within the meaning of Section 215(a)(3), as they were undertaken in direct response to Plaintiff's assertion of workplace rights protected by the FLSA.

//

//

COMPLAINT FOR RETALIATION                    -7-

41.     As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer emotional distress, and he has incurred and continues to incur expenses, including but not limited to attorneys' fees and costs.

42.     Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intent to injure Plaintiff.  Defendants acted with an improper and evil motive amounting to malice and conscious disregard for Plaintiff's rights.  The acts taken towards the Plaintiff were carried out by Defendants acting in deliberate, callous and intentional manner with a desire to injure and damage.

43.     Pursuant to § 216(b) of the FLSA, Plaintiff is entitled to legal and equitable relief including declaratory relief, compensatory and punitive damages, as well as reasonable attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**
**Intentional Infliction of Emotional Distress**
**Against All Defendants**

44.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 43 above as though fully contained herein.

45.     Defendants' conduct was outrageous, and each Defendant intended to cause Plaintiff emotional distress and/or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress.

46.     As a result of Defendants' conduct, Plaintiff suffered severe emotional distress, and Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

47.     As a direct, foreseeable and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer severe emotional distress.

48.     Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intent to injure Plaintiff.  Defendants acted with an improper and evil motive amounting to malice and conscious disregard for Plaintiff's rights.  The acts taken towards the Plaintiff were carried out by Defendants acting in deliberate, callous and intentional manner with a desire to injure and damage.

COMPLAINT FOR RETALIATION                    -8-

49.     Plaintiff is entitled to recover punitive damages in an amount to be proven at trial.

## DECLARATORY RELIEF ALLEGATIONS

50.     Plaintiff incorporates by reference the allegations contained in paragraphs 1through 49 above as though fully contained herein.

51.     A present and actual controversy exists between Plaintiff and Defendants concerning their rights and respective duties.  Plaintiff contends that Defendants violated his rights under the FLSA.  Plaintiff is informed and believes and thereon alleges that Defendants deny any liability to him.  Plaintiff seeks a judicial declaration of the rights and duties of the respective parties.  Declaratory relief is therefore necessary and appropriate.

52.     Defendants acted or failed to act as herein alleged with malice or reckless disregard to the protected rights of Plaintiff, and Plaintiff is thus entitled to recover punitive damages in an amount to be determined according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment against Defendants as follows:

1.   Declaratory judgment that Defendants' actions complained of herein have violated Plaintiff's rights under the FLSA, including the right to be free from retaliation for the assertion of rights protected by the FLSA.

2.   Compensatory damages in an amount to be proven at trial.

3.   Punitive damages in an amount to be proven at trial.

4.   Reasonable attorneys' fees and costs of suit herein generally and pursuant to 29 U.S.C. § 216(b), Cal. Code of Civ. Proc. § 1021.5, and other laws.

5.   For an award of pre-judgment interest as authorized by law.

6.   For an award of post-judgment interest as authorized by law.

7.   For such other and further relief as this Court deems just and proper.

//

**COMPLAINT FOR RETALIATION**                    -9-

## JURY TRIAL DEMAND

Plaintiff demands a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure.

Date:   May 8, 2013

Araceli Martínez-Olguin
Christopher Ho
Marsha J. Chien

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER

By: _____
ARACELI MARTÍNEZ-OLGUÍN

Attorneys for Plaintiff

Date:   May 8, 2013

Blanca A. Bañuelos
Esmeralda Zendejas
Michael L. Meuter
Felicia Espinosa
Daniel Torres

CALIFORNIA RURAL LEGAL ASSISTANCE,
INC.

By: _____
BLANCA A. BAÑUELOS

Attorneys for Plaintiff

COMPLAINT FOR RETALIATION                    -10-