1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11   JOSE ARNULFO ARIAS,                        No.  2:13-cv-00904-TLN-EFB

12                  Plaintiff,

13          v.                                  **ORDER**

14   ANTHONY RAIMONDO, an individual;
     and DOES ONE through TWENTY,
15
                    Defendants.
16

17

18          This matter is before the Court on a Motion to Dismiss the Complaint filed by Defendant

19   Anthony Raimondo ("Defendant") pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF

20   No. 11.)  Plaintiff Jose Arias ("Plaintiff") opposes the motion (ECF No. 16), and Defendant filed

21   a reply brief (ECF No. 17).  For the reasons set forth below, the Court GRANTS Defendant's

22   motion to dismiss with leave to amend.[1]

23                                    **BACKGROUND**

24          Plaintiff filed a lawsuit in 2006 against his former employers Angelo Dairy owners Luis

25   M. Angelo, Maria D. Angelo, and Joe Angelo ("Dairy Defendants").  (ECF No. 1 at ¶ 2.)  The

26   lawsuit alleged that the Dairy Defendants violated wage-and-hour laws under the California

27   _____

28   [1]  This Court ordered the matter submitted on the briefs.  (ECF No. 19.)

                                            1

1   Labor Code.  Defendant Raimondo ("Defendant") was an attorney representing the Dairy

2   Defendants in that previous litigation.  (ECF No. 1 at ¶ 2.)  In 2011, Defendants reported Plaintiff

3   to the United States Immigration and Customers Enforcement ("ICE") allegedly in retaliation for

4   his assertion of his legally protected workplace rights.  (ECF No. 1 at ¶ 3.)  Plaintiff alleges two

5   claims for relief in his complaint: (1) retaliation in violation of the Fair Labor Standards Act

6   ("FLSA") and (2) intentional infliction of emotional distress.  He seeks declaratory relief,

7   compensatory and punitive damages, attorney's fees, pre- and post-judgment interest and any

8   other relief the Court deems just and proper.  (ECF No. 1.)  On October 9, 2013, Plaintiff

9   voluntarily dismissed the Dairy Defendants from this action with prejudice (ECF No. 23) leaving

10   Defendant Raimondo as the sole defendant in this action.

11                                                **LEGAL STANDARD**

12          Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement

13   of the claim showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*, 556 U.S. 662,

14   678–79 (2009).  Under notice pleading in federal court, the complaint must "give the defendant

15   fair notice of what the claim . . .  is and the grounds upon which it rests."  *Bell Atlantic v.*

16   *Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice

17   pleading standard relies on liberal discovery rules and summary judgment motions to define

18   disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*,

19   534 U.S. 506, 512 (2002).

20          On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

21   *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every

22   reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

23   *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

24   "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

25   relief."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads

26   factual content that allows the court to draw the reasonable inference that the defendant is liable

27   for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

28          Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

                                                        2

factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir.
1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an
unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A
pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the
elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678
("Threadbare recitals of the elements of a cause of action, supported by mere conclusory
statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove
facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not
been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough
facts to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (quoting
*Twombly*, 550 U.S. at 570).  Only where a plaintiff has failed to "nudge[] [his or her] claims . . .
across the line from conceivable to plausible[,]" is the complaint properly dismissed.  Id. at 680.
While the plausibility requirement is not akin to a probability requirement, it demands more than
"a sheer possibility that a defendant has acted unlawfully."  *Id*. at 678.  This plausibility inquiry is
"a context-specific task that requires the reviewing court to draw on its judicial experience and
common sense." *Id*. at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any
exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of
Evidence 201.  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988*); Isuzu
Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal.
1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to
amend even if no request to amend the pleading was made, unless it determines that the pleading
could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122,
1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995));
*see also Gardner v. Marino*, 563 F.3d 981 (9th Cir. 2009) (finding no abuse of discretion in

1   denying leave to amend when amendment would be futile).  Although a district court should

2   freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

3   deny such leave is 'particularly broad' where the plaintiff has previously amended its

4   complaint[.]"  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir.

5   2013)  (quoting *Miller v. Yokohama Tire Corp.,* 358 F.3d 616, 622 (9th Cir. 2004)).

6                                   **ANALYSIS**

7               **1.  Plaintiff's Retaliation Claim Under the FLSA**

8               Defendant argues that Plaintiff cannot maintain a cause of action under the Fair Labor

9   Standards Act (FLSA) against him because he is not, nor does Plaintiff allege, that he is

10  Plaintiff's employer.

11              The relevant part of the FLSA, 29 U.S.C. § 215 (a)(3), provides: "[I]t shall be unlawful for

12  any person. . . to discharge or in any other manner discriminate against any employee because

13  such employee has filed any complaint or instituted or caused to be instituted any proceeding

14  under or related to this chapter, or has testified or is about to testify in any such proceeding . . . ."

15              Furthermore, 29 U.S.C. § 216(b) provides: ". . .  Any employer who violates the

16  provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may

17  be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without

18  limitation employment, reinstatement, promotion, and the payment of wages lost and an

19  additional equal amount as liquidated damages. . . ."

20              Therefore, by the FLSA's plain language an employee may only sue employers for

21  retaliation, as explicitly provided in § 216(b).  *Dellinger v. Sci. Applications Int'l Corp.*, 649 F.3d

22  226, 229-30 (4th Cir. 2011), *cited approvingly in Rodriguez v. SGLC, Inc.*, 2:08-CV-01971-MCE,

23  2012 WL 5705992 (E.D. Cal. Nov. 15, 2012); *see also Boddy v. Astec, Inc.*, No. 1:11-CV-123,

24  2012 WL 5507298, at *6 (E.D. Tenn. Nov. 13, 2012) ("[T]he retaliation provisions of the FLSA

25  do not apply to non-employers.").  As the Fourth Circuit in *Dellinger* persuasively opined:

26              While § 215(a)(3) does prohibit all "persons" from engaging in
            certain acts, including retaliation against employees, it does not
27          authorize employees to sue "any person." An employee may only
            sue employers for retaliation, as explicitly provided in § 216(b).
28          The use of the term "person" in § 215(a) is attributable to the

                                         4

structure of the provision, which prohibits a number of separate acts in addition to retaliation, not all of which are acts performed by employers. For instance, § 215(a)(1) prohibits any person from transporting "any goods in the production of which any employee was employed in violation of section 206 [minimum wages] or section 207 [maximum hours] of this title." Thus, Congress prohibited the shipment of goods produced by employees who are paid in violation of the Act, and for enforcement, it authorized the criminal prosecution of any "person" violating the prohibition. See 29 U.S.C. § 216(a). Just as there is no remedy for an employee to sue such a shipper, there is also no remedy for an employee to sue anyone but his employer for violations of the anti-retaliation provision. Accordingly, if the person retaliating against an employee is not an employer, the person is not subject to a private civil action by an employee under § 216(b).

Considering the Act more broadly, we cannot overlook the fact that the FLSA was intended at its core to provide minimum wages and maximum hours of work to ensure employees a minimum standard of living necessary for "health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). The anti-retaliation provision is included, not as a free-standing protection against any societal retaliation, but rather as an effort "to foster a climate in which compliance with the substantive provisions of the [FLSA] would be enhanced." *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 293, 80 S.Ct. 332, 4 L.Ed.2d 323 (1960). Thus, the anti-retaliation provision was meant to ensure that employees could sue to obtain minimum wages and maximum hours from their employers without the employers taking adverse action against them for the exercise of those rights. This purpose is inherent in the employment relationship, which is the context in which the substantive provisions operate.

We have been unable to find any case that extends FLSA protections to applicants or prospective employees. Indeed, prior cases have reached the conclusion that we have, applying the anti-retaliation provision only within the employer-employee relationship. *See, e.g.*, *Glover v. City of North Charleston, S.C.*, 942 F. Supp. 243, 245 (D.S.C. 1996) (noting that the "any employee" language in the anti-retaliation provision mandates that the plaintiff have an employment relationship with the defendant); *Harper v. San Luis Valley Reg'l Med. Ctr.*, 848 F. Supp. 911 (D.Col. 1994) (same); *cf. Darveau v. Detecon, Inc.*, 515 F.3d 334, 340 (4th Cir.2008) (requiring, as part of a prima facie FLSA retaliation case, a showing of "adverse action by the employer"); *Dunlop v. Carriage Carpet Co.*, 548 F.2d 139 (6th Cir.1977) (holding that an employee could sue his former employer when the former employer retaliated against the employee by advising a prospective employer that the employee had previously filed an FLSA suit).

[Plaintiff's proposed interpretation] would clearly broaden the scope of the FLSA beyond its explicit purpose of fixing minimum wages and maximum hours between employees and employers. We are, of course, not free to broaden the scope of a statute whose

1

2

scope is defined in plain terms, even when "morally unacceptable retaliatory conduct" may be involved. *Ball v. Memphis Bar–B–Q Co.*, 228 F.3d 360, 364 (4th Cir.2000).

3  *Id.* at 229–230. Here, Plaintiff does not allege in his complaint or argue in his opposition brief

4  that Defendant Raimondo was his employer. Therefore, the Court grants Defendant's motion to

5  dismiss Plaintiff's retaliation claim.

6  ### 2.   Plaintiff's Intentional Infliction of Emotional Distress Claim

7  Defendant argues that Plaintiff's claim for intentional inflict of emotional distress

8  ("IIED") fails as a matter of law because Defendant's alleged statements to ICE are absolutely

9  privileged under California Civil Code section 47(b). California Civil Code section 47(b)

10  provides in pertinent part: "A privileged publication or broadcast is one made: . . . (b) In any (1)

11  legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by

12  law . . . ."

13  Plaintiff's IIED claim is foreclosed by the California Supreme Court's holding in *Hagberg*

14  *v. California Federal Bank FSB*, 32 Cal. 4th 350 (2004). In that case the California Supreme

15  Court held that statements to law enforcement personnel to report suspected criminal activity on

16  the part of another person are privileged. *Id.* at 355 ("[S]uch statements can only be the basis for

17  tort liability if the plaintiff can establish the elements of the tort of malicious prosecution.")

18  Plaintiff argues without citation that the section 47(b) privilege does not apply when a

19  statute demonstrates legislative intent to prohibit the defendant's conduct. While it does appear

20  that *Hagberg* left open the possibility of liability for some statutory violations notwithstanding

21  section 47(b) (*id.* at 375–76), here Plaintiff does not allege any state statutory causes of action,

22  only an FLSA claim and the state tort claim of IIED. Therefore, Plaintiff's argument, even if

23  true, does not apply to the Complaint in its current form. Therefore, the Court grants Defendant's

24  motion to dismiss Plaintiff's IIED claim. [2]

25  Therefore, it is hereby ordered:

26

27

28

---

[2] Given the Court's ruling, it need not address at this time Defendant's other arguments including whether Plaintiff's claims for relief are barred by the petition clause in the First Amendment of the United States Constitution.

1        1.        Defendant's motion to dismiss is GRANTED;

2        2.        Plaintiff is GRANTED leave to amend the complaint;

3        3.        Plaintiff shall file an amended complaint within 14 days of entry of this order;

4        4.        Defendant shall have 14 days from service of the amended complaint to file a

5 responsive pleading.

6 **IT IS SO ORDERED.**

7 Dated: June 25, 2014

8

9                         Troy L. Nunley

10                         United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28