UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Arnulfo Arias,<br><br>           Plaintiff,<br><br>      v.<br><br>Anthony Raimando; and DOES 1- 20, inclusive,<br><br>           Defendants. | No.  2:13-cv-00904-TLN-EFB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

This matter is before the Court pursuant to Defendant Anthony Raimondo's ("Defendant") Motion to Dismiss Plaintiff's First Amended Complaint.  (ECF No. 35.)  Plaintiff Jose Arnulfo Arias ("Plaintiff") filed an opposition to Defendant's motion.  (ECF No. 45.)  The Court has reviewed and considered the arguments raised in Defendant's Motion to Dismiss and Reply, along with Plaintiff's Opposition.  The Court hereby grants Defendant's Motion to Dismiss with leave to amend.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a lawsuit in 2006 in California Superior Court, San Joaquin County against his former employers, Angelo Dairy owners Luis M. Angelo, Maria D. Angelo, and Joe Angelo ("Dairy Defendants").  (ECF No. 34 at ¶ 17.)  The lawsuit alleged that the Dairy Defendants

1  violated wage-and-hour laws under the California Labor Code.[1]  (ECF No. 34 at ¶ 17.)
2  Defendant Raimondo was the attorney representing the Dairy Defendants in that previous
3  litigation and was not named as a defendant.  (ECF No. 34 at ¶ 18.)  In 2011, as the trial date
4  approached, Defendant Raimondo reported Plaintiff to the United States Immigration and
5  Customers Enforcement ("ICE"), allegedly in retaliation for Plaintiff's assertion of his legally
6  protected workplace rights.  (ECF No. 34 at ¶ 23.)

7  Plaintiff filed his original complaint with this Court on May 8, 2013, against the Dairy
8  Defendants and Defendant Raimondo alleging (1) retaliation in violation of the Fair Labor
9  Standards Act ("FLSA"); and (2) intentional infliction of emotional distress.  (ECF. No. 1.)  Dairy
10 Defendants and Defendant Raimondo filed a Motion to Dismiss Plaintiff's complaint on June 5,
11 2013. (ECF No. 11.)  On October 9, 2013, Plaintiff voluntarily dismissed the Dairy Defendants
12 from the original complaint with prejudice, leaving Defendant Raimondo as the sole defendant.
13 (ECF No. 23.)  The Court dismissed Plaintiff's complaint with leave to amend, finding that
14 Plaintiff failed to adequately plead that Defendant Raimondo, the only remaining defendant in the
15 action, was Plaintiff's employer for the purposes of his FLSA claim.  (ECF No. 33 at 6.)  The
16 Court also dismissed Plaintiff's intentional infliction of emotional distress claim with leave to
17 amend.  (ECF No. 33 at 6.)

18 Plaintiff filed the First Amended Complaint on July 10, 2014.  (ECF No. 34.)  Plaintiff
19 alleges three claims for relief in said complaint: (1) retaliation in violation of the FLSA; (2)
20 intentional infliction of emotional distress; and (3) unfair competition in violation of California
21 Business and Professions Code §§ 17200, *et seq*.  (ECF No. 34.)  Plaintiff seeks declaratory relief,
22 compensatory and punitive damages, attorney's fees, pre- and post-judgment interest, and any
23 other relief the Court deems just and proper.  (ECF No. 34.)

---

[1] Plaintiff filed a lawsuit against his former employers in 2006 alleging violations of California's Unfair Competition Law ("UCL"), violations of California's Private Attorney General Act ("PAGA"), and violations of California Labor Code Sections 2698 *et seq*.  (ECF No. 34 at ¶ 17 & 19.)  Plaintiff brought the 2006 case on behalf of himself and others employed by the Dairy Defendants.  (ECF No. 34 at ¶ 17.)  The Dairy Defendants moved to strike the UCL and PAGA causes of action, arguing that certain class certification requirements were necessary to pursue those causes of action.  (ECF No. 34 at ¶ 20.)  The California Supreme Court ultimately ruled that the UCL required Plaintiff to satisfy class action requirements, but the PAGA cause of action did not.  (ECF No. 34 at ¶ 21.)  The case was remanded for trial.  (ECF No. 34 at ¶ 21.)

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

3

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570).  Only where a plaintiff fails to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680.  While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile).  Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

III. <u>ANALYSIS</u>

Plaintiff's complaint alleges that Defendant retaliated against Plaintiff by contacting ICE to inquire about Plaintiff's immigration status. (ECF No. 34 at ¶ 34–44.)  Plaintiff alleges that Defendant is an "employer" within the meaning of Section 203(d) for purposes of liability to sue under Section 216(b). (ECF No. 34 at ¶ 38.)  Defendant, however, asserts that Plaintiff cannot

maintain a private right of action for retaliation because there is no employer-employee relationship between Defendant and Plaintiff. (ECF No. 48 at 2.) The Court agrees and dismisses Plaintiff's FLSA anti-retaliation claim with leave to amend.

The Court previously dismissed Plaintiff's nearly identical claim on June 25, 2014. (ECF No. 33.) The Court emphasized that in order to maintain a cause of action under the FLSA, Plaintiff must allege that Defendant was Plaintiff's employer. (ECF No. 33 at 4.) Plaintiff's First Amended Complaint added two paragraphs alleging that Defendant is an "employer" within the meaning of Section 216(b), as well as emphasizing the "any person" language of Section 215(a)(3). (ECF No. 34 at ¶ 36–38.) However, Plaintiff still failed to establish that Defendant was an employer for the purposes of FLSA liability. Further, Plaintiff continues to argue that the "any person" language of Section 215(a)(3) allows private actions against third-party retaliators. (ECF No. 45 at 7.) The Court rejected this argument in its previous order stating, "by the FLSA's plain language an employee *may only sue employers* for retaliation, as explicitly provided in § 216(b)." (ECF No. 33 at 4) (emphasis added).

The FLSA's anti-retaliation provision, 29 U.S.C. Section 215(a)(3), provides that it shall be unlawful for "any person" to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act . . ." 29 U.S.C. Section 216(b) states that "[a]ny employer who violates the provisions of section 15(a)(3) . . . shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 15(a)(3)." Further, 29 U.S.C. Section 203(d) provides that an "'[e]mployer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee . . ."

Plaintiff argues that the "any person" language of Section 215(a)(3) makes it unlawful for *anyone* to retaliate against an employee for asserting his or her FLSA rights. (ECF No. 45 at 6.) However, the causes of action for violations of the statute are expressly provided by Section 216(b). As stated in the Court's previous Order (ECF No. 33 at 4), the FLSA's plain language within Section 216 explicitly provides that an employee may only sue employers for retaliation.[2]

---

[2] Plaintiff is incorrect in arguing that *Dellinger* is inapplicable to Plaintiff's case. The reasoning in *Dellinger* was

*Dellinger v. Sci. Applications Int'l Corp.*, 649 F.3d 226, 229-230 (4th Cir. 2011); *Rodriguez v. SGLC, Inc.*, 2012 U.S. Dist. LEXIS 164383, at *22 (E.D. Cal. Nov. 15, 2012) (finding that pursuant to 29 U.S.C. § 216(b), employees may only seek redress from "employers"); *see also Boddy v. Astec, Inc.*, No. 1:11-CV-123, 2012 WL 5507298, at *6 (E.D. Tenn. Nov. 13, 2012) ("the retaliation provisions of the FLSA do not apply to non-employers."). The court in *Dellinger* determined that "by using the term 'employee' in the anti-retaliation provision [29 U.S.C. § 216(b)], Congress was referring to the employer-employee relationship, the regulation of which underlies the Act as a whole, and was therefore providing protection to those in an employment relationship with their employer." 649 F.3d at 229.

Plaintiff argues that Section 203(d) defines "employer" for FLSA purposes to include "any person acting directly or indirectly in the interest of an employer." (ECF No. 45 at 6.) However, the Ninth Circuit has held that the definition of employer under the FLSA should be construed to mean that an individual is subject to liability under the FLSA "[w]here an individual exercises control over the nature and structure of the employment relationship, or economic control over the relationship." *Sutton v. Derosia*, 2012 U.S. Dist. LEXIS 147434, at *17 (E.D. Cal. Oct. 12, 2012) (citations omitted); *see also Lambert v. Ackerley*, 180 F.3d 997, 1011-12 (9th 1999); *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1469 (9th Cir. 1983). Plaintiff has not alleged that Defendant exercised any control over Plaintiff's employment relationship.

Courts have used an "economic reality" test to determine whether a "person" is "acting directly or indirectly in the interest of an employer" in employment matters. *See* 29 USC § 203 (d); *see also Hale v. State of Arizona*, 993 F.2d 1387, 1394 (9th Cir. 1993). In *Bonnette v. Cal. Health & Welfare Agency*, the Ninth Circuit court acknowledged that its determination of what an employer is must be based on "a consideration of the total employment situation and the

---

followed in the Court's previous Order. (ECF No. 33 at 4–6.) *Dellinger* correctly articulates that although "§ 215(a)(3) does prohibit all 'persons' from engaging in certain acts . . . it does not authorize employees to sue 'any person.'" *Dellinger*, 649 F.3d at 229. *Dellinger* has been cited approvingly within the Ninth Circuit. *See, e.g., Rodriguez v. SGLC, Inc*., No. 2:08-cv-01971-MCE-KJN, 2012 WL 5705992, at *10 (E.D. Cal. Nov. 15, 2012); *Gessele v. Jack in the Box, Inc*., 6 F.Supp.3d 1141, 1150 (D. Or. Mar. 19, 2014); *Fontes v. Drywood Plus, Inc.*, No. CV-13-1901-PHX-LOA, 2013 WL 6228652, at *4 (D. Ariz. Dec. 2, 2013); *Juvera v. Salcido*, No. CV-11-2119-PHX-LOA, 2013 WL 6628039, at *6 (D. Ariz. Dec. 17, 2013).

economic realities of the work relationship." *Bonnette*, 704 F.2d at 1470. The court looked in particular to four factors: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.*

Plaintiff has not alleged that Defendant met any of these factors or had any supervisory authority over Plaintiff. Instead, Plaintiff argues, despite the Court's clear ruling on this issue, that numerous decisions have permitted private actions under Section 215(a)(3) against third party retaliators. (ECF No. 45 at 7.) However, the Ninth Circuit has explicitly stated that "individual [defendants are] liable *only if* it [is] determined that they had a 'significant ownership interest with operational control of significant aspects of the corporation's day-to-day functions; the power to hire and fire employees; [the power to] determine []salaries; [and the responsibility to] maintain[] employment records." *Lambert v. Ackerley*, 180 F.3d 997, 1012 (9th Cir. 1999) (citing the economic realities test in *Bonnette*, 704 F.2d at 1469) (emphasis added); *see also* 29 U.S.C. § 215(a)(3).

Further, an overwhelming body of authority suggests that in order to find the defendant liable under FLSA, the defendant must be considered an "employer". *See Boucher v. Shaw*, 572 F.3d 1087, 1094 (9th Cir. 2009) (finding individual managers liable under the FLSA when it was established that they were employers); *Solis v. Best Miracle*, 709 F. Supp. 2d 843, 849-50 (E.D. Cal. 2010) (finding that a manager who played a significant role in the operations of company, had the power to hire and fire employees, prepared fraudulent time cards, and maintained employment records was an "employer" under the FLSA); *Alvarez Perez v. Sanford–Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008) ("to qualify as an employer for [FLSA liability], an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee"); *Chao v. Hotel Oasis*, Inc., 493 F.3d 26, 34 (1st Cir. 2007) (finding that a corporation's president was individually liable where he had authority to control business' day-to-day operations and was in charge of directing employment practices); *Ulin v. ALAEA-72, Inc.*, 2011 U.S. Dist. LEXIS 17468, at *21 (N.D. Cal. Feb. 23, 2011) (finding an individual personally liable as an employer under the FLSA when the

individual "was responsible for posting, calculating, measuring, estimating, recording, or otherwise determining the hours worked by Plaintiff, and wages paid [to] him").

Though Plaintiff alleged that Defendant is an employer[3] (ECF No. 34 at ¶ 38), a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie*, 788 F.2d at 643 n.2. While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Here, Plaintiff has not alleged that Defendant has exercised any control over Plaintiff's employment relationship. Further, Plaintiff has not alleged that Defendant had any supervisory authority over Plaintiff. Thus, Plaintiff has not established that Defendant is an employer within the meaning of the FLSA. Plaintiff will be permitted leave to amend solely with respect to the issue of whether Defendant meets the definition of an employer under the Ninth Circuit's test.

### IV. CONCLUSION

The Court finds that Plaintiff's FLSA claim remains deficient since Plaintiff has failed to demonstrate that Defendant is an employer pursuant to controlling precedent. Plaintiff has 14 days to amend his complaint with respect to this claim only. Given Plaintiff's previous opportunities to amend on this issue, further leave to amend will not be granted if Plaintiff's amendment does not allege plausible facts supporting his assertion that Defendant is an employer within the definition of the FLSA. The Court shall reserve ruling on the remaining claims in Plaintiff's complaint pending Plaintiff's amendment of his FLSA allegation. The briefing on those claims shall stand as submitted. The parties will not be required to resubmit any further briefing on those issues.

IT IS SO ORDERED.

Dated:  March 27, 2015

Troy L. Nunley
United States District Judge

---

[3] Plaintiff asserts that as the Dairy Defendant's attorney, Defendant was acting in the interest of the Dairy Defendants in relation to Plaintiff. (ECF No. 34 at ¶ 38.) Plaintiff states that Defendant "is an 'employer' within the meaning of Section 203(d) for purposes of liability to suit under Section 216(b)." (ECF No. 34 at ¶ 38.) However, Plaintiff fails to provide any support for such conclusions.