UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Arnulfo Arias,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Anthony Raimondo; and DOES 1- 20, inclusive,<br><br>　　　　　Defendant. | No.  2:13-cv-00904-TLN-EFB<br><br>**ORDER** |

On March 30, 2015, this Court dismissed Plaintiff Jose Arnulfo Arias's ("Plaintiff") Fair Labor Standards Act ("FLSA") claim from Plaintiff's First Amended Complaint ("FAC") (ECF No. 34) and invited him to refile an amended complaint within 14 days. (ECF No. 54.) Plaintiff has since filed a notice that he will "stand upon the sufficiency of his First Amended Complaint." (ECF No. 55 at 1.) Plaintiff has failed to file an amended complaint curing the deficiencies in his FAC, thus the Court DISMISSES Plaintiff's FLSA claim. His remaining state law claims are hereby DISMISSED for lack of subject matter jurisdiction.

I.　　FACTUAL BACKGROUND

In a separate action beginning in 2006, Plaintiff sued his former employers, the Angelos, for violations of wage and hour laws. (ECF No. 34 at ¶ 2.) During the course of the previous litigation between Plaintiff and the Angelos, the Angelos's attorney, Anthony Raimondo reported

1

Plaintiff to United States Immigration and Customs Enforcement ("ICE").  (ECF No. 34 at ¶ 3.)  Now, in the instant lawsuit, Plaintiff is suing the Angelos's attorney, Anthony Raimondo ("Defendant") alleging that by reporting Plaintiff to ICE, Defendant: (1) violated the Fair Labor Standards Act; (2) committed intentional infliction of emotional distress; and (3) violated California's unfair competition law.  (ECF No. 34.)

Plaintiff filed a First Amended Complaint on July 10, 2010, which Defendant subsequently asked the Court to dismiss.  (ECF No. 35.)  This Court dismissed Plaintiff's FLSA claim on March 30, 2015, holding that the claim could not stand because an employee may only sue employers for retaliation and Plaintiff had not yet alleged that Defendant was an employer within the definition of the FLSA.  (ECF 54. at 5.)  The Court gave Plaintiff fourteen days to file an amended complaint, which Plaintiff failed to do.  On April 6, 2015, Plaintiff filed a statement electing to stand upon the sufficiency of his First Amended Complaint.  (ECF No. 55.)

## II.     ANALYSIS

The Court previously dismissed Plaintiff's FLSA claim.  (ECF No. 54.)  Plaintiff has not amended his FLSA claim with sufficient facts to remedy any deficiencies, thus the claim is dismissed with prejudice.

After the dismissal of Plaintiff's FLSA claim, only his state law claims remain pending. (ECF No. 34.)  Therefore, the Court may sua sponte decide whether to continue exercising supplemental jurisdiction.  *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 n.3 (9th Cir. 1997) (en banc).  Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state law] claim" if "the district court has dismissed all claims over which it has original jurisdiction . . . ."  "Since state courts have the primary responsibility for developing and applying state law, the [law does] not favor retaining jurisdiction in this case." *Yuhre*, 2010 U.S. Dist. LEXIS 44948, at *22 (citing *Acri*, 114 F.3d at 1001).  Therefore, the Court declines to continue exercising supplemental jurisdiction over Plaintiff's remaining state law claims and they are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

///

///

III.   CONCLUSION

Plaintiff's First Amended Complaint is DISMISSED in its entirety. Accordingly, this case shall be closed.

IT IS SO ORDERED.

Dated: April 15, 2015

Troy L. Nunley
United States District Judge