1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11    Jose Arnulfo Arias,                          No.  2:13-cv-00904-TLN-EFB

12                    Plaintiff,

13           v.                                     **ORDER**

14    Anthony Raimondo; and DOES 1- 20,
      inclusive,
15

16                    Defendant.

17

18           This matter is before the Court on Plaintiff Jose Arnulfo Arias's ("Plaintiff") objections to the

19    Bill of Costs submitted by the prevailing party in this matter, Defendant Anthony Raimondo

20    ("Defendant").  (ECF No. 59 & 60.)  For the reasons discussed below, the Court overrules Plaintiff's

      objections and awards costs to Defendant.
21

22           I.       FACTUAL BACKGROUND

23           In a separate action beginning in 2006, Plaintiff sued his former employers, the Angelos

24    family, for violations of wage and hour laws.  (ECF No. 34 at ¶ 2.)  During the course of the previous

25    litigation between Plaintiff and the Angelos family, Defendant, the Angelos's attorney, reported

26    Plaintiff to United States Immigration and Customs Enforcement ("ICE").  (ECF No. 34 at ¶ 3.)  In

27    the instant lawsuit, Plaintiff attempted to sue Defendant, alleging that by reporting Plaintiff to ICE,

28    Defendant: (1) violated the Fair Labor Standards Act ("FLSA"); (2) committed intentional infliction

1    of emotional distress; and (3) violated California's unfair competition law.  (ECF No. 34.)

2    　　　　Plaintiff filed a First Amended Complaint with this Court on July 10, 2010, which Defendant

3    subsequently moved to dismiss.  (ECF No. 34 & 35, respectively.)  This Court dismissed Plaintiff's

4    FLSA claim on March 30, 2015, holding that the claim could not stand because an employee may

5    only sue employers for retaliation and Plaintiff had not yet alleged that Defendant was an employer

6    within the definition of the FLSA.  (ECF No. 54. at 5.)  The Court gave Plaintiff fourteen days to file

7    an amended complaint, which Plaintiff failed to do.  On April 6, 2015, Plaintiff filed a statement

8    electing to stand upon the sufficiency of his First Amended Complaint.  (ECF No. 55.)  On April 16,

9    2015, this Court issued an Order dismissing Plaintiff's case in its entirety.  (ECF No. 56.)  On April

10   29, 2015, Defendant submitted a Bill of Costs.  (ECF No. 59.)  On May 5, 2015, Plaintiff objected to

11   Defendant's Bill of Costs.  (ECF No. 60.)  On May 15, 2015, Defendant filed a reply to Plaintiff's

12   objection to Defendant's Bill of Costs.  (ECF No. 61.)

13   　　　　II.　　STANDARD

14   　　　　Under Fed. R. Civ. Proc. 54 (d)(1), the prevailing party in a lawsuit shall recover its costs

15   "unless . . . a court order provides otherwise."  Fed. R. Civ. P. 54 (d)(1).  The rule creates a

16   presumption that costs will be taxed against the losing party, but "vests in the district court discretion

17   to refuse to award costs" if the losing party shows why costs should not be awarded.  *Ass'n of*

18   *Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591–92 (9th Cir. 2000).  If a district

19   court decides to award costs "[it] need not give affirmative reasons for awarding costs; instead, it need

20   only find that the reasons for denying costs are not sufficiently persuasive to overcome the

21   presumption in favor of an award."  *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir.

22   2003).

23   　　　　III.　　ANALYSIS

24   　　　　Defendant seeks costs in the amount of $2,775.97 for exemplification fees and the costs of

25   making copies.  (ECF No. 59.)  Plaintiff opposes this Bill of Costs because: 1) Defendant failed to

26   demonstrate the necessity of costs; 2) awarding costs would place an extreme financial burden on

27   Plaintiff's household; 3) there is a substantial financial disparity between Plaintiff and Defendant; and

28   4) imposing costs would chill future good faith civil rights litigation.  (ECF No. 60.)

First, Plaintiff argues that courts should only allow the taxation of photocopying charges that were necessary for discovery and for trial presentation.  (ECF No. 60 at 2.)  The taxation of costs in federal litigation is governed by 28 U.S.C.A. § 1920. Specifically, § 1920(4) permits taxation of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  The Ninth Circuit has interpreted § 1920(4) to permit only copying costs for copies used in discovery and trial presentation. *Alflex Corp. v. Underwriters Labs.*, Inc., 914 F.2d 175, 177 (9th Cir. 1990).  Here, the Defendant provided three invoices for copies with corresponding BATES stamps totaling $1,498.04 based on costs of copying Defendant's files for production to the Plaintiff, and other productions that were made to the Plaintiff.  (ECF No. 61 Ex. A.)  Because these costs were necessary for discovery and trial presentation they may be recovered by the Plaintiff.  However, Defendant failed to substantiate the grounds for its remaining costs.  Thus, Defendant's award must be reduced to $1,498.04.

Second, Plaintiff argues a district court should consider whether awarding costs might make a plaintiff indigent.  (ECF No. 60 at 4, citing *Stanley v. University of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999)).  While Plaintiff's contention is true in part, the Ninth Circuit has indicated that awarding costs that cause a plaintiff to become indigent will not necessarily rebut the presumption of awarding costs unless the award is so great as to constitute severe injustice.  *Save Our Valley*, 335 F.3d at 945 (awarding fees of $5,310.55 and holding that severe injustice would result only from an award in the tens of thousands against an indigent plaintiff).

Here, Plaintiff is the head of a household of six and claims his total household's monthly income is approximately $3,600.00.  (ECF No. 60 at 4.)  Assuming that this is the Plaintiff's household income, awarding costs of $1,498.04 is still a relatively small sum and will not result in severe injustice.  *See Save Our Valley*, 335 F.3d at 946.  Other district courts have awarded higher costs against plaintiffs with less financial resources than the Plaintiff.[1]  $1,498.04 is a little over three percent of the Plaintiff's yearly household earnings.  While three percent is somewhat burdensome

---

[1]  *See generally Padula v. Morris*, No. 2:05-CV-00411-MCE, 2012 WL 525575, (E.D. Cal. Feb. 16, 2012) (taxing $23,511.41 against a plaintiff who claimed to be indigent);  *Ardalan v. Monterey Inst. of Int'l Studies*, No. C 03-01075 JFPVT, 2004 WL 2047593, (N.D. Cal. Sept. 14, 2004) (holding that awarding $2,775.97 against an indigent plaintiff would not result in severe injustice).

1  given the size of the Plaintiff's family, awarding costs will not likely make the Plaintiff indigent and it

2  almost certainly will not result in severe injustice.  Therefore, Plaintiff's limited financial resources do

3  not weigh in favor of rebutting the presumption in favor of awarding costs.

4  Third, Plaintiff contends that because Defendant is the president of a successful law firm and

5  Plaintiff is the head of a low income family there is a significant financial disparity between the

6  parties.  (ECF No. 60 at 4-5.)  Plaintiff is correct that district courts may consider disparities in wealth

7  among the parties.  *Ass'n of Mexican-Am. Educators*, 231 F.3d at 592.  While Plaintiff submits little

8  evidence to show Defendant's actual wealth, it is a reasonable assumption that there is some degree of

9  disparity in wealth among the parties.  However, the disparity is relatively small.  In most cases where

10  an economic disparity warrants denial of cost, the defendant is a large and well-funded organization

11  opposite an individual, not two individuals with different income levels.[2]  Plaintiff has failed to

12  distinguish the financial disparity of the parties in this case from those of the parties in cases where

13  courts have awarded costs.  *See Ass'n. of Mexican–Am. Educators*, 231 F.3d at 593; *Save Our Valley*,

14  335 F.3d at 946.  Hence, any financial disparity between the parties does not weigh in favor of

15  rebutting the presumption of awarding costs.

16  Fourth, Plaintiff argues awarding costs will have a chilling effect on civil rights litigation.

17  (ECF No. 60 at 5.)  The Plaintiff relies on *Stanley v. University of S. Cal.*, 178 F.3d 1069, 1079 (9th

18  Cir. 1999) for this proposition.  (ECF No. 60 at 5.)  However, in *Stanley*, the court held that forcing a

19  plaintiff of modest means to pay $46,710.97 in costs may chill civil rights litigation.  *Stanley*, 178

20  F.3d at 1080.  In cases similar to the amount of the award in the instant case, courts often award

21  smaller costs without concern for a risk of chilling future litigation.[3]  Because costs of $1,498.04 are

22

23  [2] *See Ass'n of Mexican-Am. Educators*, 231 F.3d at 592 (holding there is a great economic difference between plaintiffs, who were individuals and a small nonprofit educational organization against, the State of California); *Sepe v. Gordon Trucking, Inc.*, No. 212CV01639TLNCKD, 2015 WL 8214312, at *1 (E.D. Cal. Dec. 8, 2015) (holding

24  that there is a significant economic disparity between a plaintiff living off of $15,000 a year and what the plaintiff claimed was a "billion dollar corporation"); *Mansourian v. Bd. of Regents of Univ. of California at Davis*, 566 F.

25  Supp. 2d 1168, 1171 (E.D. Cal. 2008) (holding there is a significant economic difference between recent college graduates and a public university); *Ayala v. Pac. Mar. Ass'n*, No. C08-0119 TEH, 2011 WL 6217298, at *2 (N.D.

26  Cal. Dec. 14, 2011) (holding there is a significant disparity in wealth between individual plaintiffs and defendant unions).

27  [3] *Rivera v. NIBCO*, 701 F. Supp. 2d 1135, 1144-45 (E.D. Cal. 2010); *See Save Our Valley v. Sound Transit*, 335 F.3d at 945 ($5,310.55); *Estate of Le Blanc v. City of Lindsay*, No. CV-F-04-5971-DLB, 2007 WL 2900515, at *3 (E.D.

28  Cal. Sept. 28, 2007) ($8,460.21); *Sorgen v. City & Cty. of San Francisco*, No. 05CV03172 TEH, 2007 WL 521235, at *3-4 (N.D. Cal. Feb. 15, 2007) ($4,987); *Ardalan*, 2004 WL 2047593, at *3-4 ($2,838.35).

4

less than those routinely awarded within the Ninth Circuit, this Court is not persuaded that awarding costs will have a chilling effect on future litigation.

IV.     CONCLUSION

The Court has reviewed the totality of the circumstances and finds that "the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).  Plaintiff's objections (ECF No. 60) are SUSTAINED in part.  Costs to Defendant (ECF No. 59) are GRANTED in the amount of $1,498.04.

IT IS SO ORDERED.

Dated: February 8, 2016

Troy L. Nunley
United States District Judge